GORDON v. WEBER.

Ohio Appeals, 1st Dist., Hamilton Co.

Dolle, O'Donnell, Geisler & Cash, Cincinnati, for Gordon.

De Camp, Sutphin & Brumleve, Cincinnati, for Weber.

L. G. Hilpp, Cincinnati, for J. A. Becker and F. W. Becker.

CUSHING, J.

NEGLIGENCE.

(370 P3) Evidence that defendant constructed carpentry in remodeling of post office building, and that, when he directed subcontractor to proceed with electrical work, he knew that it was the custom among electrical workers to use a hickey against the joists for purpose of bending conduits, and that workman used joist as a fulcrum for purpose of bending conduit, and that it gave away and caused stepladder on which workman was standing to fall and injure person purchasing money orders, sustained finding of defendant's negligence, in customer's action for injuries.

(370 E2) Evidence that workman of subcontractor installing electrical work in remodeling of post office building, by exertion of force on bender while installing conduit, caused joist to give way to precipitate workman and his ladder onto customer purchasing money orders, sustained finding of subcontractor's negligence in manner of use of ladder or tool, in customer's action for personal injuries.

(370 D) In action for personal injury by customer purchasing money orders in post office when workman of subcontractor installing electrical work, on exertion of force on bender for purpose of bending conduit at that point, caused joist constructed by contractor to give way and to precipitate workman and ladder on customer, whether it was negligence of contractor or of subcontractor or combined or concurrent acts of both that caused injury, held for jury.

(Mills, J., concurs.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

MORRIS ARNOFF REALTY CO. v. BRYANT.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Max P. Goodman and Arthur A. Miller, Cleveland, for Realty Co.

Pfeiffer & Fults, Cleveland, for Bryant.

SULLIVAN, PJ.

REAL ESTATE.

(510 La2) In landlord's action for rent on theory that tenant by remaining in possession two months after termination of lease became hold-over tenant at least for period during which building remained unoccupied, testimony that, in conversation between tenant and janitor of building janitor stated that landlord's officer said it would be all right if tenant remained a month or two after expiration of lease, held incompetent, as hearsay, to establish janitor's agency for landlord.

(510 Lb1) In landlord's action for rent on theory that tenant by remaining in possession two months after termination of lease because hold-over tenant at least for period during which building remained unoccupied, evidence, even if not incompetent as hearsay, held insufficient to establish janitor's authority to enter contract for month to month tenancy binding on landlord.

(Vickery and Levine, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

ARNOLD v. OHIO GAS & ELECTRIC CO.

Ohio Appeals, 1st Dist., Butler Co.

Vickery & Vickery, Cleveland, and M. O. Burns, Hamilton, for Arnold.

B. F. Harwitz, Middletown and W. C. Shepherd, Hamilton, for Gas & Elect. Co.

MILLS, J.

PUBLIC UTILITIES.

(470 N) In action for injuries sustained by telephone company's lineman by coming in contact with electric company's line about four feet above telephone company's wires on same poles, evidence held sufficient to go to jury on issues of electric company's negligence in failing to keep its wires covered with insulation while maintaining them in a public street and in proximity of the jointly used pole, where it has reason to know of the danger to which it was exposing telephone company's employees.

(470 E) Electric company maintaining its wires on pole jointly used by itself and telephone company was charged with same duty toward telephone company's employees as toward its own employees, and employees of the telephone company owed to electric company the duty of exercising due care for their own safety.

TRIAL.

(590 E31) The court takes judicial notice of the fact that uninsulated wires charged with electric currents of high voltage are dangerous to life.

NEGLIGENCE.

(370 P2) Section 9195 GC., requiring electric line and power wires maintained in public streets to be covered with waterproof insulation, was passed for the protection of the public, and violation thereof is negligence per se.

PUBLIC UTILITIES.

(470 T) In action for injuries sustained by telephone company's lineman by coming in contact with electric company's line about four feet above telephone company's wires on same poles, evidence held to present issue for jury whether plaintiff's contact with electric company's wire was accidental.

EMPLOYER & EMPLOYE.

(250 W3) That telephone lineman would be entitled to compensation under Workmen's Compensation Act (Sections 1465-37 to 1465-108 GC) for injuries by coming in contact with electric company's power wire did not deprive him of right to recover from electric company such portion of his damages as would not be compensated under the act.

(Hamilton, PJ., and Cushing, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.